FILED
Nov 19  2 16 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOVER DAVIS | : | CIVIL ACTION |
|     Plaintiff, | | NO. 302CV01039 (JBA) |
| V. | : | |
| JERRY C. LAMB and<br>JOHN BEAUREGARD | | |
|     Defendants. | : | NOVEMBER 18, 2003 |

### OBJECTION TO PLAINTIFF'S MOTION TO STRIKE
### LOCAL RULE 56(a)(1) STATEMENT

The undersigned defendant respectfully objects to the plaintiff's Motion to Strike Local Rule 56(a)(1) Statement for four reasons. First, under the Federal Rules of Procedure, the Motion to Strike is not a proper means to oppose a Local Rule 56(a)(1) Statement. Second, the untimely filing of the defendant's Local Rule 56(a)(1) Statement does not subject the plaintiff to any degree of prejudice. Third, the Court has discretion to determine whether the filing of the defendant's Local Rule 56(a)(1) Statement is proper. Fourth, courts disfavor the motion to strike because it proposes a drastic remedy.

A. **Only Material Included in a "Pleading" May be the Subject of a Motion to Strike.**

Rule 12(f) of the Federal Rules of Civil Procedure provides that, in response to a motion to strike, "the court may order stricken from any *pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

09672.0044
HALLORAN
& SAGE LLP

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The motion to strike may only be used to oppose a pleading. It is not a proper means to oppose a Local Rule 56(a)(1) Statement. Only material included in a pleading may be the subject of a motion to strike. Hrubec v. National R.R. Passenger Corp., 829 F. Supp. 1502, 1506(N.D. Ill. 1993). Courts are unwilling to construe the term "pleading" broadly. Id. In Hrubec, the court denied the plaintiff's Motion to Strike the defendant's motion and the defendant's accompanying Memorandum of Law, stating that it did not constitute a pleading. The plaintiff's Motion to Strike was not a candidate for Rule 12(f). Id. Consequently, a motion for summary judgment, along with those documents contained therein, cannot be attacked by the motion to strike. Plaintiff's Motion to Strike defendant's Local Rule 56(a)(1) Statement must be denied.

**B.    The Plaintiff is Not Prejudiced by the Date of Defendant's Filing His Local Rule 56(a) 1 Statements.**

The undersigned defendant filed his Local Rule 56(a)(1) Statement on October 30, 2003; merely a month after his Motion for Summary Judgment was filed on September 30, 2003. The plaintiff cannot claim prejudice by the untimely filing of the Rule 56(a)(1) Statement. Even in light of the late filing, the plaintiff is fully apprised of the substance and contents of the defendant's Rule 56(a)(1) Statement. The plaintiff had ample opportunity to disclaim or offer contrary facts. However, instead he chose to object on a procedural basis and not a substantive basis. The fact that the Rule

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

56(a)(1) Statement was not *annexed* to the Motion for Summary Judgment does not preclude the plaintiff from disputing any of the facts contained therein.

Moreover, if the plaintiff had any contradictory statements or substantive objections to the defendant's Rule 56(a)(1) Statement, they should have been included in his Motion to Strike dated November 8, 2003. In light of his opportunity to offer opposing facts, the plaintiff waived his right to do so in the future. Consequently, the plaintiff's Motion to Strike must be denied.

### C. The Court Has Discretion to Determine Whether the Filing of the Defendant's Local Rule 56(a)(1) Statement is Proper.

"A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 73 (2d Cir. 2001) (holding that a court may conduct a review of the record where one of the parties failed to file a Local Rule 56(a)(1) Statement); Travelers Indemnity Co. v. Hunter Fan Co., Inc., 2002 U.S. Dist. LEXIS 1238, 20 (S.D.N.Y. 2002); Diaz v. New York City Transit Authority, 2003 WL 22327143 (S.D.N.Y.) (holding that the court has discretion to accept a late filed Local Rule 56.1 Statement). Only the Court may determine whether the defendant's untimely filing of his Local Rule 56(a)(1) Statement is sufficient to provide notice of uncontested facts.

Plaintiff contends that the Court should deny defendant's Motion for Summary Judgment, yet he fails to offer any basis other than the defendant's Local

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Rule 56(a)(1) Statement was not annexed to the motion. Defendant filed a Local Rule 56(a)(1) Statement just weeks after he filed the motion. Clearly, the untimely filing was merely an inconvenience. The subsequent filing should have overcome any nuisance it may have caused the Court and the plaintiff. Plaintiff's Motion to Strike should be denied.

### D. A Motion to Strike is a Drastic Measure That the Courts Disfavor.

Courts disfavor the motion to strike because it is a drastic remedy. Resolution Trust Corp. v. Vanderweele, 833 F.Supp. 1383, 1387 (N.D. Ind. 1993) (holding that "a motion to strike is not a favored motion, as it proposes a drastic remedy"); Imperial Constr. Mgmt Corp. v. Laborers' Int'l Union, Local 95, 818 F. Supp. 1179, 1186 (N.D. Ill. 1993) (upholding the general rule disfavoring motions to strike); Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000) (holding that striking pleadings is an extreme measure, and motions to strike are viewed with disfavor and are infrequently granted).

Not only is plaintiff's Motion to Strike improper motion practice under Rule 12(f) of the Federal Rules of Civil Procedure, the courts generally frown upon granting a motion to strike because it is a harsh measure for remedy. Therefore, plaintiff's Motion to Strike must be denied.

WHEREFORE, for the foregoing reasons, the plaintiff's Motion to Strike should be denied.

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

DEFENDANT,
JOHN BEAUREGARD

By *June M. Sullivan*
June M. Sullivan
HALLORAN & SAGE LLP
Fed. Bar #ct 24462
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103

## CERTIFICATION

This is to certify that on this 18th day of November 2003, I hereby mailed a copy of the foregoing to:

Christy Doyle, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
**For the Plaintiff**

Michael Sullivan, Esq.
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
**For the Defendant Jerry C. Lamb**

*June M. Sullivan*
June M. Sullivan

485911.1(HSFP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105