FILED
Nov 24  2 26 PM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DOVER DAVIS<br>    Plaintiff, | CIVIL ACTION<br>NO. 302-CV-01039 (JBA) |
| v. | |
| JERRY C. LAMB and<br>JOHN BEAUREGARD<br>    Defendants. | November 20, 2003 |

## OBJECTION TO PLAINTIFF'S MOTION TO STRIKE
## LOCAL RULE 56(a)(1) STATEMENT

The defendant Jerry C. Lamb respectfully objects to the Plaintiff's Motion to Strike Defendant Lamb's Local Rule 56(a)(1) Statement. This objection is based on four major reasons: (a) the Plaintiff's motion is not the proper vehicle to oppose a Local Rule 56(a)(1) Statement; (b) the Plaintiff has not been prejudiced or harmed by the Defendant's late filing of this Statement; (c) the Court has considerable discretion in applying the local rules; and (d) the Motion to Strike is not the appropriate remedy given the importance of Summary Judgment motions to avoid needless trials and promote judicial economy.

A. <u>A Motion to Strike Cannot Be Used to Object to a Local Rule 56(a)(1) Statement.</u>

Rule 12(f) of the Federal Rules of Civil Procedure states that, in response to a motion to strike, the court may order stricken from any pleading any insufficient defense or redundant, immaterial, impertinent, or scandalous matter. Because the motion to strike can only be used to oppose a pleading, the Plaintiff's motion is not a proper mechanism for opposing submittal of a Local Rule 56(a)(1) Statement. As a result, the Plaintiff's Motion to Strike must be denied.

B. <u>The Plaintiff Has Not Been Prejudiced by the Date of Filing of Defendant Lamb's Local Rule 56(a)(1) Statement.</u>

Defendant Lamb filed his Local Rule 56(a)(1) Statement on October 31, 2003, approximately a month after filing his Motion for Summary Judgment on October 1, 2003. All of the undisputed material facts set forth in Defendant Lamb's Rule 56(a)(1) Statement were taken directly from the Plaintiff's Complaint or Defendant Lamb's Answer and Affirmative Defenses. As a result, despite the late filing, the Plaintiff has been fully aware of the substance of Defendant Lamb's Rule 56(a)(1) Statement for some time. Based on these facts, the Plaintiff cannot claim prejudice by the untimely filing of this Rule 56(a)(1) Statement.

C. <u>The Court Has Considerable Discretion in Applying Local Rules.</u>

The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous

records without guidance from the parties. <u>Holtz v. Rockefeller & Co., Inc.</u>, 258 F.3d 62, 74 (2d Cir. 2001). In reviewing this case where one of the parties never filed a Local Rule 56(a)(1) Statement, the Second Circuit Court of Appeals stated that a district court has broad discretion as to whether to overlook a party's failure to comply with local court rules. <u>Id</u>. at 73. Moreover, the Second Circuit stated that where one of the parties failed to file a Local Rule 56(a)(1) Statement, the district court could opt to conduct its own review of the record in considering the merits of a summary judgment motion. <u>Id</u>.

In this case, Defendant Lamb did file a Local Rule 56(a)(1) Statement, albeit several weeks after filing his Motion for Summary Judgment. Although the filing of the Statement was untimely, the Defendant corrected this situation quickly. As a result, the subsequent filing by Defendant Lamb should overcome any inconvenience it may have caused the Court and the Plaintiff.

D. <u>Motion to Strike Not Appropriate Remedy Given the Importance of Summary Judgment Motions</u>.

The courts frequently have not favored granting motions to strike because of the drastic nature of this remedy. This approach should be particularly followed in dealing with motions for summary judgment because of their value in avoiding needless trials and promoting judicial efficiency.

In <u>Resolution Trust Corp. v. Vanderweele</u>, 833 F.Supp. 1383, 1387 (N.D. Ind. 1993), the court held that a motion to strike is not a favored motion, as it proposes a drastic remedy. Similarly, in <u>Imperial Constr. Mgmt Corp. v. Laborers' Int'l Union, Local 95</u>, 818 F. Supp. 1179, 1186 (N.D. Ill. 1993), the court upheld the general rule

disfavoring motions to strike. Finally, in Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063, the Eighth Circuit Court of Appeals ruled that the striking of pleadings is an extreme measure and that motions to strike are viewed with disfavor and infrequently granted.

E. Conclusion

Defendant Lamb respectfully requests that the Plaintiff's Motion to Strike be denied because (a) it not the proper vehicle to oppose a Local Rule 56(a)(1) Statement; (b) the Plaintiff has not been prejudiced or harmed; (c) the Court has considerable discretion in applying the local rules; and (d) the Motion to Strike is too drastic a remedy in this case.

DEFENDANT
JERRY C. LAMB

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Michael Sullivan
Assistant Attorney General
Fed. Bar # ct 24981
P.O. Box 120
55 Elm Street
Hartford, CT 06141-0120
Tel: (860) 808-5210
Fax: (860) 808-5385

## CERTIFICATION

This is to certify that on this 20th day of November 2003, I hereby mailed a copy of the foregoing to:

Christy Doyle, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

June M. Sullivan
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

                                          Michael Sullivan
                                          Assistant Attorney General