UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

DAVIS, Plaintiff,

v.                                  :   No. 3:02cv1039 (JBA)

LAMB and BEAUREGARD,
Defendants.

FILED
JAN 13  8 24 AM '04
U.S DISTRICT COURT
NEW HAVEN, CONN.

### Ruling on Plaintiff's Motion to Strike [Doc. #55] and Scheduling Order

In response to defendants' motions for summary judgment [Docs. ##48 & 50], which were filed in early October of 2003, plaintiff filed an opposition [Doc. #52] based solely on a procedural argument, that defendants' failure to comply with D. Conn. L. Civ. R. 56(a)1. by omitting from their moving papers a "Local Rule 56(a)1 Statement" required the Court to deny both motions. See Pl.'s Opp'n [Doc. #52] at 1 ("None having been submitted, this court has no power to grant summary judgment to either defendant."). Both defendants subsequently filed "Local Rule 56(a)1. Statements" [Docs. ##53 & 54] in early November of 2003 - apparently in response to plaintiff's opposition. Plaintiff then moved to strike the statements from the record as untimely filed without the Court's permission and for defendants' failure to explain non-compliance with the local rules.

Plaintiff's legal assertion that defendants' untimely compliance with the local rule divests this Court of power to consider their motions is incorrect as a matter of law. See e.g., Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 73 (2d Cir.

1

2001)("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules."). Here, defendants corrected their error within approximately one month of filing their summary judgment motions and have not sought to augment the record filed with their original moving papers. While defendants should have filed the local rule statements with attendant motions for leave to file them untimely, no prejudice has resulted to plaintiff as a result of defendants' non-compliance with the local rules. Accordingly, plaintiff's Motion to Strike [Doc. #55] is DENIED.

However, because defendants did fail to comply with the local rules, the Court enters the following amended scheduling order:

1. Plaintiff will file a new opposition to defendants' motions for summary judgment addressing the merits of their arguments by January 30, 2004; and
2. Defendants will file replies, if any, by February 10, 2004.

IT IS SO ORDERED.

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut, this 9th day of January, 2004.