UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOVER DAVIS | : | CIVIL ACTION |
|     Plaintiff, | | NO. 302CV01039 (JBA) |
| V. | : | |
| JERRY C. LAMB and<br>JOHN BEAUREGARD | | |
|     Defendants. | : | FEBRUARY 12, 2004 |

**DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

On January 9, 2004, the Court ordered the plaintiff to file his opposition to Defendant's Motion for Summary Judgment by January 30, 2004.  Plaintiff failed to comply with the Court order, instead filing his opposition on February 2, 2004.  Plaintiff clearly ignored the filing deadline and decided to untimely file his brief.  As such, the Court should disregard plaintiff's Brief in Opposition based on its untimely filing.  However, if the Court chooses to allow plaintiff's untimely opposition, defendant Beauregard hereby replies substantively.

First, plaintiff contends that he was not represented by legal counsel at the time he signed the final agreement between the University and himself, an error which he claims resulted in a mutual mistake regarding the substantive portions of the contract. He argues that the lack of legal representation created a mutual mistake that rendered

09672.0044

**HALLORAN
& SAGE LLP**

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

the agreement void.[1] Plaintiff's argument lacks substance, in that he negates to recognize that he accepted partial payment (i.e. partial performance) in the form of a $1,600 check, which he received and cashed. (Plaintiff's deposition, pp. 113-114). In R.G. Group, Inc. v. Horn v. Hardart Co., 751 F.2d 69, 75, the court stated that in determining whether a contract exists, "partial performance is an unmistakable signal that one party believes there is a contract; and the party who accepts performance signals, by that act, that it also understands a contract to be in effect." Plaintiff understood and acknowledged the terms of the contract by accepting and cashing a check from Eastern Connecticut State University ("University"). Plaintiff's argument is therefore frivolous and useless in his opposition to defendant's Motion for Summary Judgment.

Even if there was a mutual mistake between the parties, which the defendant denies, the plaintiff benefited from substantial performance of the contract. "If one party's performance is a constructive condition of the other party's duty, only 'substantial' performance is required of the first party before he can recover on the contract." Wakefield v. Northern Telecom, Inc., 769 F.2d 109, 113 (2d Cir. 1985) (quoting Farnsworth, *Contracts*, §8.12 at 590 (1982)). The University substantially performed its contractual obligation on August 24, 2001 by paying $1637 to the plaintiff

---

[1] Although the defendant recognizes that he is not a party to the agreement, the plaintiff raises the issue of mutual mistake regarding the contract in his brief in opposition, therefore, defendant properly addresses the issue. Moreover, plaintiff brings the issue to the court's attention and correctly illustrates that he dealt in bad faith because he was unjustly enriched at the University's detriment.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

in exchange for the plaintiff's General Release and Settlement Agreement. Moreover, the University was ready, willing, and able to perform the remaining portion of the contract by tendering a check for the balance of the funds owed to the plaintiff on August 30, 2001, less than one week after the first check. The plaintiff flatly refused to accept the check for the University's full of the performance of the contract. Acceptance of the first check demonstrates that the plaintiff acknowledged there was a valid contract and, as such, plaintiff must allow a reasonable time for the University to cure any defect. The tender of a check within one week for the balance of the funds owed to the plaintiff is proper cure for the partial performance within a reasonable amount of time. The plaintiff's argument that there was a mutual mistake is without merit.

Second, plaintiff also argues that "the same actor" inference illustrated in <u>Grady v. Affiliated Scent, Inc.</u>, 130 F.3d 553, 560 (2d Cir. 1997), *cert denied*, 525 U.S. 936, 119 S. Ct. 349, 142 L. Ed. 2d, 288 (1998) (holding that discrimination does not exist in cases where the hirer and firer are the same individual, and the termination of employment occurs within a relatively short time span following the hiring) does not apply to his circumstances. Plaintiff contends that <u>Grady</u> only applies to employment situations, not to academic situations. Plaintiff admits to being recruited and receiving funds in consideration for attending the academic program. As such, his situation is more akin to an employment situation then a traditional academic program. Plaintiff argues that the two scenarios are different because an academic course of study

- 3 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

generally does not exceed three years, whereas an employment situation may be indefinite. There is no basis for this statement and plaintiff offers no case law for its support.

In Grady, the plaintiff was selected by the employer and became paid trainee for the position of central station operator. In the current action, the plaintiff was selected by defendant Lamb and became a paid trainee in the Clinical Data Management Program. Hence, the plaintiff's position in the Program is similar to that of a trainee for employment, not an academic student who pays the academic institution in exchange for receiving an education.

Moreover, the court in Grady did not distinguish between academic programs and employment situations. The court had ample opportunity to narrowly decide that the holding only applies to employment situations, which it declined to do. Therefore, Grady is directly on point and to apply the same actor inference to a quasi-academic setting does not expand it beyond its origins and stated purpose.

Third, defendant Beauregard is entitled to absolute or qualified immunity because he served a judicial function by hearing the plaintiff's appeal of his termination from the program and evaluating all evidence from the university and the plaintiff. "Immunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches." White v. Martin, 26 F. Supp. 2d, 385, 388 (D. Conn., 1998). Defendant Beauregard's role was similar to that of a judge in determining the outcome of the

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

HALLORAN
& SAGE LLP

plaintiff's appeal.  As such, defendant Beauregard is protected by absolute immunity, which insulates judges from personal liability for acts committed within their jurisdiction.  Alternatively, defendant Beauregard is protected from liability by qualified immunity, in that he carried out an administrative function.  Defendant Beauregard acted as an administrative official by overseeing the appeal hearing to determine whether it was proper to release the plaintiff from the training program.  Defendant Beauregard's decision was appealable to a federal administrative agency, and therefore he acted in an administrative capacity.  Thus, it is inappropriate to attach personal liability to one who acts in such a capacity.  By law, such persons are entitled to qualified immunity.

Fourth, defendant Beauregard was not a state actor because he was not an employee of the state, nor was he acting under color of state law.  In his brief in opposition, plaintiff contends that "[b]oth defendant's (sic) were employees of Eastern Connecticut State University …"  In fact, Defendant Beauregard was never an employee Eastern Connecticut State University.  (Supplemental Affidavit of John Beauregard, attached)  Plaintiff makes worthless, erroneous assumptions without regard for the truth.

Defendant Beauregard is employed by the Southeastern Connecticut Workforce Investment Board, a private industry council that assesses the needs and priorities for investing in the development of human resources within the region and coordinating a broad range of employment, education, training and related services.  The state does not direct, control, manage or regulate the activities of the Workforce Investment Board,

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

therefore, defendant Beauregard's decision in the plaintiff's appeal process was not controlled by or in conjunction with any state actor.  Plaintiff's erroneous statements lack evidence to support his contention that both defendants were employees of Eastern Connecticut State University.  Again, plaintiff's frivolous argument lacks substance, as well as merit.

In order to defeat summary judgment, plaintiff must present evidence sufficient to allow a rational factfinder to infer that the defendant was actually motivated in whole or in part by discrimination.  <u>Grady</u>, 130 F.3d at 560.   The plaintiff offers no such evidence.

WHEREFORE, for the foregoing reasons, the undersigned defendant's Motion for Summary Judgment should be granted.

                                        DEFENDANT,
                                        JOHN BEAUREGARD


                                        By_____
                                            June M. Sullivan
                                            HALLORAN & SAGE LLP
                                            Fed. Bar #ct 24462
                                            One Goodwin Square
                                            225 Asylum Street
                                            Hartford, CT 06103
                                            (860) 522-6103

- 6 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

HALLORAN
& SAGE LLP

## **CERTIFICATION**

      This is to certify that on this 12th day of February 2004, I hereby mailed a copy of the foregoing to:

| | |
|---|---|
| Timothy Mahoney, Esq.<br>Christy Doyle, Esq.<br>Williams & Pattis, LLC<br>51 Elm Street, Suite 409<br>New Haven, CT 06510<br>**For the Plaintiff** | Michael Sullivan, Esq.<br>Assistant Attorney General<br>55 Elm Street<br>P.O. Box 120<br>Hartford, CT 06141-0120<br>**For the Defendant Jerry C. Lamb** |

_____
June M. Sullivan

513018.1(HSFP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105