UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

APR 1  1 29 PM '04

DOVER DAVIS,
*Plaintiff,*

CIVIL ACTION NO.
3:02-CV-01039 (JBA)

v.

JERRY C. LAMB and
JOHN BEAUREGARD,
*Defendants.*

March 29, 2004

### DEFENDANT LAMB'S MOTION TO AMEND MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the defendant Jerry C. Lamb hereby moves to amend his motion for summary judgment in the above-referenced matter to incorporate the findings and conclusions of a recent state court decision related to the above-captioned matter.

On March 22, 2004, following two days of trial in state court, Judge Freed issued a decision in the matter of *Dover Davis v. Eastern Connecticut State University* (CV 02-0817885). The facts underlying the state case are identical to the facts concerning defendant Lamb in the above-captioned case. In support of the present motion, defendant Lamb has attached a copy of Judge Freed's decision.

A. <u>No Credible Evidence of Discriminatory Conduct</u>

Judge Freed evaluated the testimony of the plaintiff and the witnesses for Eastern Connecticut State University ("ECSU"). Judge Freed stated that he did not find the plaintiff's testimony to be credible and that he found ECSU's testimony to be plausible and believable. In concluding that the evidence was "overwhelming", Judge Freed stated

that he found no credible evidence that any actions directed toward the plaintiff were because of his race, nor were such actions based on any discrimination whatsoever.

B. General Release and Settlement Agreement is Valid

Judge Freed also found that there is no dispute that the plaintiff executed a general release in favor of ECSU, that the plaintiff had the assistance of legal counsel and understood the terms of the release. Judge Freed also found there was no credible evidence that ECSU failed to comply with the settlement agreement. Moreover, Judge Freed emphasized that he had carefully examined the release document and found no right of cancellation by the plaintiff. Finally, Judge Freed found no breach by ECSU of the settlement agreement and its breach by the plaintiff.

Conclusion

In conclusion, the defendant Jerry Lamb respectfully requests that this Court grant his motion to amend his motion for summary judgment to incorporate these findings and conclusions and dismiss the plaintiff's claims against him.

JERRY C. LAMB
DEFENDANT

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Michael Sullivan
Assistant Attorney General
Federal Bar No. ct24981
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5210
Fax: (860) 808-5385

## CERTIFICATION

I hereby certify that on this 29th day of March, 2004, a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure, via first class mail, postage prepaid to:

John Williams, Esq.
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

and to:

June Sullivan, Esq.
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

_____
Michael Sullivan
Assistant Attorney General

| | | |
|---|---|---|
| NO. CV 02-0817885 | : | SUPERIOR COURT |
| DOVER DAVIS | : | J.D. OF HARTFORD |
| VS. | : | AT HARTFORD |
| EASTERN CONNECTICUT STATE UNIVERSITY | : | MARCH 22, 2004 |

### MEMORANDUM OF DECISION

This action was brought pursuant to Conn. Gen. Stats. §§ 46a-60(a)4, 46a-60(a)(5), 46a-64(a)(1), 46a-64(a)(2), et. seq., the Connecticut Fair Employment Practices Act.

The basis of the plaintiff's claim is that during the course of his participation in a Clinical Data Management Certificate program of fifteen weeks conducted by the defendant Eastern Connecticut State University (Eastern), the plaintiff, an African American, was subjected to disparate treatment in that he was held to a different standard of conduct than Caucasians and was terminated for reasons that would not have constituted a basis for the termination of a Caucasian employee (student).

Eastern denies any such accusations of discrimination and also asserts as special defenses that the plaintiff has released Eastern from any and all claims and is therefore barred from asserting this claim because of such release. Eastern alleges additional defenses of waiver and estoppel because of such release.

SUPERIOR COURT
OFFICE OF THE CLERK

Mar 22  3 15 PH '04
FILED

## Factual Background

The plaintiff was recruited for the certificate program by Dr. Jerry Lamb of Eastern and was enrolled in it in May 2001.

The plaintiff testified that soon after his arrival at Eastern Dr. Lamb threatened to "hang him" for bringing a cup into the computer lab, verbally abused him, and falsely accused him of being a "woman abuser."

The plaintiff was the only witness to testify on his behalf. Dr. Lamb and three other witnesses for Eastern testified that the plaintiff failed to participate in the team process, was guilty of aggressive and confrontational behavior towards other students, and created fear of violence in the other students.

For the above reasons, the plaintiff was dismissed from the program. The dismissal was sustained by an internal appeals board (the Southeastern Connecticut Workforce Investment Board).

Following the dismissal, however, the plaintiff, represented by counsel, executed a general release discharging Eastern, the State of Connecticut and the involved Eastern employees from any liability to the plaintiff. Plaintiff received compensation as part of the settlement agreement.

2

The plaintiff has alleged non-compliance by the defendant with the terms of the settlement agreement and a right to cancel the agreement.

### Findings of Fact and Conclusion

A. The allegations of discriminatory conduct by Eastern against the plaintiff (Connecticut Fair Employment Practices Act).

The Court has evaluated the testimony of the plaintiff and the witnesses for the defendant, Eastern. Simply put, the Court does not find the plaintiff's testimony to be credible and does find perfectly plausible and believable the testimony propounded by the defendant.

That testimony is overwhelming. The plaintiff was brought to Eastern by Dr. Lamb because the plaintiff was African American. The program had previously accepted minority students and graduated them. The Court finds no credible evidence that any actions directed toward the plaintiff were because of his race, nor were such actions based on any discrimination whatsoever. The Court therefore finds for the defendant on the complaint.

B. The allegations of a binding release of the defendant by the plaintiff.

There is no dispute that the plaintiff executed a general release in favor of the defendant on August 22, 2001. (Exhibit B).

The evidence is clear that the plaintiff had the assistance of legal counsel and understood

3

the terms of the release. His reply to the special defense is simply that Eastern did not comply with the terms of the release and he had the right to cancel the settlement agreement at any time.

There is also no credible evidence that Eastern failed to comply with the agreement. To the contrary, the evidence is that Eastern paid the plaintiff what was due him.

The plaintiff never received the balance due him because of his refusal to accept it.

The Court has carefully examined the release document and finds no right of cancellation by the plaintiff. It finds no breach by Eastern of the settlement agreement and its breach by the plaintiff.

The Court therefore finds the issues for the defendant.[1] Judgment for the defendant may enter accordingly.

BY THE COURT

*Freed, J.*
Freed, J.

---

[1] The Court makes no finding on the defendant's special defenses of waiver and estoppel due to its finding that the plaintiff is barred from asserting his claim because of the release. Further, the defendant did not brief those claims and they are considered abandoned.