UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

DAVIS, Plaintiff,  :

v.  :  No. 3:02cv1039 (JBA)

LAMB and BEAUREGARD,  :
Defendants.  :

FILED
AUG 9 12 11 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN

**Ruling on Defendants' Motions for Summary Judgment [Docs. ##48, 50]**

Plaintiff Dover Davis' one-count complaint alleges that defendants John Beauregard and Jerry Lamb violated his equal protection rights under the Fourteenth Amendment to the United States Constitution by Lamb's terminating him from Eastern Connecticut State University's ("ECSU") Clinical Data Management Certificate Program and Beauregard's affirming of the termination. Davis claims he was terminated because of his race as demonstrated by the fact that other non-black participants in the program engaged in conduct comparable to that attributed to him by defendants but were not disciplined. With respect to Lamb, Davis' claim must fail because he has already had his day in court. In March 2004, after a bench trial, Judge Freed of the Connecticut Superior Court rendered findings of fact and conclusions of law and entered judgment against Davis on claims brought under the Connecticut Fair Employment Practices Act having factual predicates identical to those supporting his equal protection claim against Lamb, including that Lamb did not subject Davis to disparate treatment compared to or hold him to a

1

different standard of conduct than caucasian participants in the program, that Lamb did not terminate Davis for reasons that would not have constituted a basis for termination of a caucasian, that no actions of Lamb were directed toward Davis because of race, that no actions of Lamb were directed toward Davis based on any discrimination, that Davis executed a release in favor of Lamb (and others) regarding his claims, that Davis had legal representation with respect to and understood the terms of the release, that ECSU perform its obligations under the release, and that Davis breached the release agreements. See Davis v. Eastern Connecticut State University, No. CV020817885, 2004 WL 728932 (Conn. Super. Mar. 22, 2004). This state court judgment would bar Dover from litigating his present suit in state court as the issues relevant to the present suit have already been litigated and determined, their determination was essential to the judgment, and Lamb, at all relevant times as Dean of Continuing Education at ECSU and the principal actor of Davis' complaints, is in privity with ECSU and Dover, particularly as the primary reason for the privity requirement is to ensure that the party against whom collateral estoppel is being asserted, here Davis, had a full and fair opportunity to have his interests represented in the state court proceeding, which he undeniably had. See e.g. DaCruz v. State Farm Fire and Casualty Co., 268 Conn. 675, 686 (2004); Efthimiou v. Smith, 268 Conn. 499, 506 (2004); Joe's Pizza, Inc. v. Aetna Life and Casualty Co., 236 Conn. 863, 868-69

(1996); Aetna Casualty and Surety Co. v. Jones, 220 Conn. 285, 296-307 (1991). As such, pursuant to the Rooker-Feldman doctrine, only the Supreme Court of the United States and no lower federal court may revisit the judgment, see e.g., Vargas v. City of New York, - - F.3d - -, 2004 WL 1663476 (2d Cir. July 27, 2004); Moccio v. New York State Office of Court Administration, 95 F.3d 195 (2d Cir. 1996); Wilder v. Thomas, 854 F.2d 605 (2d Cir. 1988), and this Court lacks subject matter jurisdiction over Davis' claim against Lamb.

All that remains therefore is Davis' claim that, in reviewing Davis' appeal of Lamb's termination decision, Beauregard affirmed the decision based on considerations of race as demonstrated by not treating others in the same manner notwithstanding their comparable conduct/situation. It does not appear from Judge Freed's decision that this claim or its underlying facts were litigated in the state court action and therefore Rooker-Feldman does not deprive this Court of jurisdiction over it. Davis' claim, however, raises complex issues of absolute immunity, as Beauregard's review of Lamb's action was done in an adversarial type administrative hearing promulgated and structured by federal regulations, see 29 C.F.R. §§ 37.71-76, concluding with Beauregard's written appealable decision, and of state action, as Beauregard functioned during relevant times as Executive Director of the Southeastern Connecticut Workforce Investment Board, an entity

3

established by federal statute, see 29 U.S.C. §§ 2801-2945, and implemented by state statute, see e.g. Conn. Gen. Stat. § 31-3k. However, having reviewed the summary judgment record in full, the Court determines that judicial economy favors not deciding such issues when a surer avenue for disposition is obvious. There is simply no evidence in the Beauregard summary judgment record from which a rational jury could conclude that Beauregard intentionally treated Davis differently from any other appellant because of Davis' race because there is no evidence about any other appeals that Beauregard decided, only that Beauregard affirmed the termination decision based on plaintiff's testimony and his admission of his disputes with program staff and the existence of serious allegations about Davis' behavior by individuals in the program. There is no evidence that Beauregard was aware of any disruptive behavior on the part of any other participant in the program. Accordingly, Davis' equal protection claim against Beauregard fails.

Accordingly, Lamb's summary judgment motion [Doc. #50] and Beauregard's summary judgment motion [Doc. 48] are GRANTED. The clerk is directed to close this case and enter judgment for defendants.

IT IS SO ORDERED.

/Janet Bond Arterton, U.S.D.J.

**Dated at New Haven, Connecticut, this** 6*th* **day of August, 2004.**